UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANNETTE PORTER,

        Plaintiff,

    v.

EAST ST. LOUIS POLICE DEPARTMENT, and
SAM UNKNOWN, Midwest Towing Driver,

        Defendants.

Case No. 25-cv-02185-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Annette Porter's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 3). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court does not have enough information to determine whether Plaintiff is indigent. Plaintiff alleges that she is not employed but receives income from disability or worker's

compensation. However, she fails to allege the amount of income she receives. Further, she does not list any assets, but her complaint makes it clear that she owns a 2017 Ford Edge.[1] That is at least one asset that she owns and has left off her affidavit. Due to the limited information provided in the motion, the Court cannot conclude that Plaintiff is unable to pay the filing fee.

In addition, the Court finds that Plaintiff fails to state a claim. Plaintiff's complaint attempts to assert two claims under 42 U.S.C. § 1983. Her first claim is against the East St. Louis Police Department for a wrongful arrest in violation of the Fourth Amendment. She alleges that she called the police for help, and instead of helping her, the police arrested her for disorderly conduct. She states that she is innocent of any charges and should not have been arrested. This claim fails because the East St. Louis Police Department is not a suable entity under § 1983. *See Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997).

Her second claim is against Sam (last name unknown), Driver at Midwest Towing, for the unlawful seizure of her vehicle in violation of the Fourth Amendment. She alleges that, since she is innocent of any charges, her vehicle should not have been towed. This claim also fails. To state a claim under § 1983, a plaintiff must allege that the defendant deprived the plaintiff of rights secured by the Constitution or laws of the United States and that the defendant was acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526

---

[1] This conclusion is further supported by the fact that Plaintiff's affidavit states she pays $360 per month for automobile insurance and $300 per month for fuel/gas.

U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Plaintiff alleges that Sam works for Midwest Towing. Thus, he is not a government official or employee. A private citizen may only be held liable under § 1983 in two circumstances: (1) when they "conspire[] with a public employee to deprive the plaintiff of his constitutional rights;" or (2) if a "government official made the private citizen a sort of temporary government official." *Gardipee v. Cavil*, No. 18-CV-1314-PP, 2018 WL 4705853, at *5 (E.D. Wis. Oct. 1, 2018). It appears that Plaintiff alleges Sam is a state actor because he towed her vehicle at the direction of the East St. Louis Police Department. However, that is not sufficient to show that Sam acted "under color of state law." Plaintiff has not alleged any concerted effort between Sam and a government official to violate her constitutional rights. She also has not alleged that the East St. Louis Police Department told Sam that they planned to violate Plaintiff's constitutional rights, nor does she allege that the East St. Louis Police Department asked Sam to help them violate Plaintiff's rights. "The simple fact that [Sam] towed the plaintiff's car at the police officers' direction is not a violation of § 1983." *Id.* Further, Plaintiff has not pled facts to show that Sam was a temporary government official. "'[T]he rendering of brief, ad hoc assistance to a public officer' does not transform a private citizen into a state actor." *Id.* In other words, the fact that Sam "did what the police asked" does not make him a temporary government official. *Id.* Since Plaintiff has failed to allege that Sam was acting "under color of state law," she fails to state a claim against Sam under § 1983.

Plaintiff has not provided sufficient information for the Court to determine that she is indigent and has failed to state a claim under 42 U.S.C. § 1983. Therefore, the Court DENIES Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 3) and DISMIISSES the

3

Complaint (Doc. 2) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). Plaintiff shall have up to and including February 4, 2026, to file an amended complaint and a new motion to proceed *in forma pauperis*. The Court DIRECTS the Clerk of Court to send Plaintiff a blank non-prisoner civil rights complaint and motion to proceed *in forma pauperis* along with this order.

**IT IS SO ORDERED.**
**DATED**:   **January 5, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

4