UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNETTE PORTER,<br><br>  Plaintiff,<br><br>v.<br><br>EAST ST. LOUIS POLICE DEPARTMENT,<br><br>  Defendant. | Case No. 25-cv-02185-JPG |

**MEMORANDUM AND ORDER**

  This case is before the Court on Plaintiff Annette Porter's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 12). This is Plaintiff's second attempt to proceed without pre-payment of fees. Her first was denied in a Memorandum and Order dated January 5, 2026 (Doc. 8). In that order, the Court found that Plaintiff did not provide enough information for it to determine whether she is indigent and failed to state a claim under 42 U.S.C. § 1983. Therefore, it denied her motion to proceed *in forma pauperis* (Doc 3), dismissed her complaint (Doc. 2), and gave her until February 4, 2026, to file an amended complaint and new motion. Plaintiff filed both on January 27, 2026.

  A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that she is indigent. However, it finds that she fails to state a claim. Plaintiff's amended complaint attempts to assert claims under 42 U.S.C. § 1983 against the East St. Louis Police Department for wrongful arrest and unlawful seizure of her vehicle in violation of the Fourth Amendment. Her claims fail because the East St. Louis Police Department is not a suable entity under § 1983. *See Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Instead, Plaintiff must sue either the individual police officers involved or the municipality itself. To state a § 1983 claim against an individual police officer, a plaintiff must allege that the officer deprived her of rights secured by the Constitution or laws of the United States and was acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). A municipality can be liable under § 1983 if: (1) the municipality had an express policy calling for constitutional violations; (2) it had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law; or (3) if a person with final policymaking authority for the municipality caused the constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

The Court is satisfied that Plaintiff is indigent but finds she fails to state a claim under § 1983. As such, it RESERVES RULING on the Motion for Leave to Proceed *in Forma Pauperis*

(Doc. 12) and DISMIISSES the Amended Complaint (Doc. 11) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii). Plaintiff shall have up to and including March 12, 2026, to file a second amended complaint. The Court WARNS Plaintiff that this will be her final opportunity to amend her complaint to state a claim under § 1983. It DIRECTS the Clerk of Court to send Plaintiff a blank non-prisoner civil rights complaint along with this order.

**IT IS SO ORDERED.**
**DATED**: **February 10, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**